THE PEOPLE OF THE STATE OF NEW YORK ex rel. MANLIUS SCHOOL, Relator, against IRVING C. ADAMS and Others, Assessors, Respondents.

Supreme Court, Onondaga County, June 14, 1930.

*Hancock, Dorr, Kingsley & Shove,* for the relator.

*Estabrook & Estabrook,* for the respondents.

CHENEY, J. The questions in these proceedings, which involve the assessments of the relator's property for the years 1928 and 1929, for the most part are the same as those arising in the previous cases relating to the assessments for the years 1926 and 1927, decided herewith (143 Misc. 459).

In these cases the proof was taken by the court, and by stipulation the proof offered in the preceding cases, with a certain exception, was to be considered as the proof in these cases. This exception was that the respondent withdrew the concession which was made in the previous cases that the compensation received by William Verbeck for his services was no more than a reasonable compensation for the services rendered by him to the relator. That

leaves the question as one of fact to be determined in the proceedings.

It appears from the evidence that William Verbeck was the head master of the school and had the general direction of all of its affairs, and to the performance of the duties of his position he devoted all of his time. It also appeared that he was the man who had taken over the school when it was a failure and by his energy and ability had developed it into a distinct success. From a school of eight or nine boys when he took it, it had grown under his management to an attendance of 350, and it was known as one of the leading and outstanding schools of its class in the entire country. It would appear that the personality and the methods adopted by William Verbeck were to a large extent responsible for the success of the school. During the years covered by these proceedings, he was in receipt of a compensation of $12,000 per year. Testimony has been given by experts that such compensation was a reasonable one for the services which he rendered, and that it was about on a par with that received by the head masters and chief executives of other schools of a similar character. No evidence was given to contradict this testimony. I consequently hold that the compensation received by William Verbeck from the relator was no more than a reasonable compensation for the services rendered by him to the relator in carrying out its corporate purposes.

In the proceeding involving the assessment for the year 1929 the respondents have set up as an additional defense that at the time of the hearing before the assessors on grievance day, the attorney for the relator agreed that if the assessment should be reduced to a certain figure, the relator would not further contest the assessment, that the assessors did reduce the assessment to the figures suggested, and that, therefore, the relator is estopped from making a contest.

The objections taken by the relator were twofold. One was that the property was exempt from taxation, and the other that the assessment was too high; that it exceeded the true value of the property assessed. It rather taxes one's credulity to believe that a counsel as astute as the one involved herein, even if he had the authority, which is doubtful, would make an agreement to waive the question of the exemption from taxation, which was then pending undetermined in the other cases, for the comparatively insignificant reduction in the valuation of the property which was under discussion at the time. It would rather seem that the suggestion of counsel was confined to the question of the amount of the assessment, assuming for the time being that the result of the litigation might be that the property was taxable, and in that event the relator would

be satisfied with the value fixed, provided the suggested reduction were made. It probably is true that the assessors understood the suggestion made as they testified at the hearing, but on the question of the estoppel, the court must be guided by what was actually said and not by the understanding of one of the parties.

But I am relieved from the determination of this question of fact, by reason of what I believe to be the law relating thereto, which is to the effect that even if the transaction before the assessors had been as claimed by them, it would not be sufficient to estop the relator from contesting the legality of the assessment. The only basis for the estoppel would be that a binding contract had been made to refrain from contesting the assessment. But the assessors were without power to enter into such a contract. They were public officers, and their duty was clearly defined by the statute. They were under the obligation to assess all the property which was legally assessable in their district and at its full value. If the sum at which they placed this property upon the assessment roll, assuming it was legally assessable, was less than its full value, they violated their duty as assessors, and a violation of law cannot be the basis of an estoppel. Further than that, if this be looked upon as a contract, there was no consideration for it. The assessors cannot claim that they agreed to violate the law, for that would make the contract illegal and unenforcible. If all they agreed to do and did do was to perform their duties in the manner required by statute, no consideration remains for the contract. (*Tilden* v. *Mayor, etc., of City of New York*, 56 Barb. 340; *Matter of Bishop*, 89 Misc. 355; *Temple* v. *Brooks*, 165 App. Div. 661.)

With these exceptions, the cases are the same as those involving the assessments of 1926 and 1927, and the same conclusion must be reached.

An order may be entered vacating the assessments, except as to the pieces of property which it has been stipulated are not being exclusively used for the carrying out of the educational purposes of the relator, and directing the authorities of the town of Manlius to repay and return to the relator the taxes which were paid upon such illegal assessments under protest. Findings may be prepared in accordance with this memorandum, and the memorandum in the previous cases decided herewith. If not agreed upon, they may be settled on two days' notice.